**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**DWAIN GAINES**                                                   **PETITIONER**
**Reg #17563-026**

**V.**                          **CASE NO. 2:19-CV-100-KGB-BD**

**DEWAYNE HENDRIX,**                                      **RESPONDENT**
**Warden, Forrest City Low[1]**

## RECOMMENDED DISPOSITION

### I.    Procedure for Filing Objections

This Recommended Disposition (Recommendation) has been sent to Judge

Kristine G. Baker. Mr. Gaines may file written objections with the Clerk of Court within

14 days. Objections should be specific and should explain the factual or legal basis for

the objection.

By not objecting, Mr. Gaines may waive the right to appeal questions of fact. And,

if no objections are filed, Judge Baker can adopt this Recommendation without

independently reviewing the record.

### II.    Background

On February 21, 2012, Dwain Gaines pleaded guilty in the Central District of

Illinois to possession of 28 grams or more of cocaine base (crack) with intent to distribute

(Count 1), possession of a firearm in furtherance of a drug trafficking crime (Count 2),

and possession of a firearm by a felon (Count 3). *United States v. Gaines*, 2:11-CR-

---

[1] The Clerk is directed to update the docket sheet to reflect the correct spelling of Warden
Hendrix's name.

20032-JES-DGB-1 (Docket entry #22). Mr. Gaines was sentenced on September 14,

2012, to an aggregate term of 300 months' imprisonment in the Federal Bureau of

Prisons (BOP), to be followed by eight years' supervised release. *Id.* (#34).[2]

On appeal to the Seventh Circuit Court of Appeals, Mr. Gaines's lawyer sought to

withdraw as counsel under *Anders v. California*, 386 U.S. 738 (1967), explaining that any

claims raised would be frivolous. The Seventh Circuit noted that the only potential

appellate issue was whether the overall sentence was unreasonably high. *United States v.*

*Gaines*, 501 F. App.'x 581, at 2 (7th Cir. Feb. 25, 2013). In its order granting the motion

to withdraw and dismissing the case, the Court noted the district court's finding that Mr.

Gaines's sentence was reasonably based on the seriousness of the crimes as well as his

criminal history, which included two aggravated battery convictions. *Id.*

On July 8, 2013, Mr. Gaines filed a § 2255 petition in the district court where he

was convicted and sentenced, asking that his judgment be vacated. (*Gaines v. United*

*States*, 2:13-CV-2157-MPM-DGB) (#1). In the §2255 petition, Mr. Gaines argued that

his trial counsel performed ineffectively when he failed to successfully argue for

---

[2] "Because of the drug quantity and his prior convictions for felony drug offenses, Gaines faced a statutory minimum of 10 years' imprisonment on the drug count . . . [and] faced a consecutive term of at least 5 years for the [trafficking] violation." *United States v. Gaines*, 501 F. App.'x 581 (7th Cir. 2013) (unpublished). "The Presentence Investigation Report (PSR) stated that Petitioner was a career offender based upon his prior felony convictions. As a career offender, Petitioner faced an advisory guideline sentence of 262 to 327 months for Count I, plus a mandatory 60 month consecutive sentence for Count 2. This court sentenced Petitioner to a below guidelines sentence of 240 months on Count I, a concurrent sentence of 120 months on Count 3, and a mandatory minimum consecutive sentence of 60 months on Count 2, for a total sentence of 300 months." *Gaines v. United States*, 2:13-CV-2157-MPM-DGB (#7 at pp. 5-6).

suppression of statements he had made during his arrest. *Gaines v. United States*, 2014 WL 1891340 (C.D. Ill. May 12, 2014). In a May 12, 2014 order, the court rejected his ineffective-assistance-of-counsel argument, denied his motion to vacate, and denied a certificate of appealability. *Id*. Mr. Gaines did not appeal that ruling by requesting a certificate of appealability from the Seventh Circuit.

On December 8, 2014, Mr. Gaines filed a motion with the sentencing court for a sentence reduction, arguing that his behavior and personal growth in prison supported the reduction. *United States v. Gaines*, 2:11-CR-20032-JES-DGB-1 (#50). When the Court did not address that motion, Mr. Gaines wrote to the Court in January 2016, asking for compassionate release due to his chronic, morbid obesity and hypertension. *Id*. (#51). In the same letter, Mr. Gaines asked that his sentence be reduced under Amendment 782 to 18 U.S.C. § 3582(c)(2). *Id*.

In denying his request, the sentencing court explained that the sentencing guidelines prohibit a court from reducing a defendant's sentence below the minimum of the amended guideline range and, further, that Amendment 782 would not reduce the Career Offender base offense levels in any event. *Id*. (#53) The court directed Mr. Gaines to explain, within a time certain, why the amendment would apply in spite of his career offender status or to concede its inapplicability. *Id*. When Mr. Gaines did not respond, the court denied the motion for a sentence reduction in a text-entry order. *Id*. (Dec. 19, 2017); *see also* (#54) (judgment).

On June 20, 2016, Mr. Gaines sought permission from the Seventh Circuit to file a successive habeas petition under § 2255. *Gaines v. United States*, No. 16-2562 (7th Cir. June 20, 2016). In denying his request, the Seventh Circuit ruled as follows:

> Gaines wishes to bring a challenge under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. But Gaines's § 924(c) conviction was based on a drug-trafficking crime, not a crime of violence; and even assuming *Johnson* applies to the guidelines, Gaines's designation as a career offender was based on two prior controlled-substances offenses, *see* U.S.S.G. §4B1.2(b). Thus, *Johnson* is inapplicable.

*Id*.

Most recently, on June 18, 2019, Mr. Gaines moved the sentencing court to reduce his sentence under the First Step Act. The sentencing court appointed a federal public defender to represent Mr. Gaines. *United States v. Gaines*, 2:11-CR-20032-JES-DGB-1 (#56) That motion remains pending.

Mr. Gaines, an inmate in the custody of the Federal Correctional Complex in Forrest City, Arkansas, filed the petition for writ of habeas corpus in this case under 28 U.S.C. § 2241. (#2) In this petition, he argues that his state convictions for drug delivery can no longer be considered predicate offenses supporting his federal career-criminal status and that, as a result, he should be resentenced without a career-offender designation. (#3)

## III.  <u>Jurisdiction</u>

Although Mr. Gaines initiated this cause of action as a § 2241 habeas corpus petition, his claim relates to his conviction and sentence in the Central District of Illinois. Inmates challenging the lawfulness of their federal sentences must do so in a motion filed

with the sentencing court under 28 U.S.C. § 2255. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004)).

By contrast, a § 2241 habeas corpus petition attacks the execution of a sentence or how the sentence is being carried out. Such a petition is properly brought before a court in the judicial district where the prisoner is incarcerated. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). It is clear that Mr. Gaines is arguing about the validity of his sentence rather than the manner in which his sentence is being carried out. Accordingly, this Court lacks jurisdiction.

A court cannot entertain a petition for habeas corpus under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective* to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added); *Nichols*, 553 F.3d at 650. The last clause is a provision generally referred to as § 2255's "savings clause." *Abdullah*, 392 F.3d at 959. The circumstances where the "savings clause" can apply are intentionally narrow. A petitioner seeking relief under the savings clause must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907 (citing *Abdullah*, 392 F.3d at 959).

Mr. Gaines urges this Court to find that his petition satisfies the inadequate-or-ineffective test. He concedes that he cannot overcome the statute of limitations bar because the cases he cites are not Supreme Court precedent that can be applied retroactively. Thus, his petition hangs on the applicability of the savings clause. (#2, at

p.5) He asks this Court to vacate his sentence and recalculate it without considering him a career offender. *Id*. at 6-7.

Mr. Gaines relies on a number of holdings to support his position that the savings clause should apply here. He first cites to *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (*per curiam*), reh'g denied, 929 F.3d 317, where the Sixth Circuit recently held that the definition of "controlled substance offense," under the career-offender sentencing guidelines, does not include "attempt crimes." *Id*. at 386-87, abrogating *United States v. Evans*, 699 F.3d 858 (6th Cir. 2012). Believing that the state drug offenses that supported his career-offender status included "attempt" language, Mr. Gaines argues that, under *Havis*, his drug convictions can no longer be considered predicate offenses and, thus, he cannot be deemed a career offender. (#3 at 2-3)

Mr. Gaines next contends that jurisdiction to apply the *Havis* holding exists as a result of the holdings in *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). (#3 at 3-6) None of these three cases, however, support the relief requested.

In *Wheeler*, the Fourth Circuit held that a retroactive change in the law that effectively lowers a defendant's mandatory minimum sentence constitutes a fundamental defect that triggers the savings clause and allows resolution through a §2241 petition. *Wheeler*, 886 F.3d at 430-34, *cert. denied*, 139 S. Ct. 1318 (2019). *Wheeler*, however, evolved from the application of two prior Fourth Circuit cases involving the interpretation of career-offender status under the Controlled Substances Act, which was later determined to apply retroactively. *See United States v. Simmons*, 649 F.3d 237, 245

(4th Cir. 2011) and *Miller v. United States*, 735 F.3d 141, 145 (4th Cir. 2013). Neither *Wheeler* nor its parent cases control in this circuit.

Mr. Gaines does not cite, and this Court finds no case law indicating that the Eighth Circuit has similarly granted such relief. In fact, the Honorable Price Marshall Jr., Chief Judge of the Eastern District of Arkansas, recently rejected a virtually identical argument regarding application of the savings clause. *Aubin v. Beasley*, No. 2:18-CV-51-DPM-PSH, (E.D. Ark. Oct. 31, 2018); *see also Higgs v. Wilson*, 772 F. App.'x 167, 168 (5th Cir. 2019) (*per curiam*) (rejecting a prisoner's similar attempt to apply the *Wheeler* decision to support federal habeas relief).

The limitations period set out in §2255(f)(3) may be overcome *if* a new right or rule of law has been recognized by the Supreme Court and made retroactively applicable. Of course, none of the Fourth or Sixth Circuit cases upon which Mr. Gaines relies fit into this narrow slot, particularly given that the Supreme Court denied *certiorari* in *Wheeler*. *Wheeler*, 886 F.3d at 430-34, *cert. denied*, 139 S. Ct. 1318 (2019).

Moreover, despite Mr. Gaines's belief to the contrary, the *Mathis* decision lends little support for his position. *Id.*, 136 S. Ct. 2243. *Mathis* involved the direct appeal of a sentencing challenge wherein the Supreme Court held that an Iowa burglary conviction was not a "violent felony" conviction for purposes of the Armed Career Criminal Act (ACCA). *Id.* at 2257. Not only is *Mathis* inapplicable because it concerned the ACCA rather than the Controlled Substances Act, which triggered Mr. Gaines's career-offender status, but also because the Eighth Circuit has never applied *Mathis* in a collateral matter, such as Mr. Gaines's § 2241 petition. *See United States v. Boman*, 873 F.3d 1038 (8th

7

Cir. 2017) (applying *Mathis* to a sentencing challenge on direct appeal) and *United States v. Evenson*, 864 F.3d 981 (8th Cir. 2017) (same). Moreover, *Mathis* did not announce a new, retroactively applied rule of constitutional law. *Forrest v. United States*, __ F.3d. __, at 2, 2019 WL 3819325 (8th Cir. Aug. 15, 2019); see also *Martin v. United States*, 904 F.3d 594, 597 (8th Cir. 2018).

Importantly, the fact that an individual is procedurally barred from filing a § 2255 motion does not render the remedy inadequate or ineffective so as to permit a petitioner to seek § 2241 relief. *Lopez-Lopez*, 590 F.3d at 907. Likewise, a § 2255 remedy is not deemed inadequate or ineffective merely because the claim was previously raised and rejected in a § 2255 motion; or because the petitioner was denied leave to file a second or successive § 2255 petition; or because a § 2255 petition is time-barred. *Id*.

Additionally, Mr. Gaines's assertion that he is actually innocent of being a career offender is unfounded. Mr. Gaines has made no attempt to demonstrate that he is factually innocent of the career offender crimes for which he was convicted. *Bousley v. United States*, 523 U.S. 614, 623 (1998) (holding actual innocence means factual innocence, not mere legal insufficiency). And, in any event, "claims of actual innocence of being a career offender under the savings clause" are "not the type of claim subject to review under §2241." *Beard v. Wilson*, No. 13-CV-3613-PJS/FLN, 2015 WL 627880, at 9 (D. Minn. Feb. 10, 2015).

Mr. Gaines has failed to prove the inadequacy or ineffectiveness of seeking §2255 relief from his sentencing court. Consequently, this Court lacks subject matter jurisdiction to hear his §2241 petition.

**IV.**   **Conclusion**

The Court recommends that the District Court DISMISS WITHOUT PREJUDICE Mr. Gaines's petition for writ of habeas corpus (#2) under Rule 4 of the Rules Governing Section 2254 cases.[3] Mr. Gaines's motion to proceed *in forma pauperis* (#1) should be DENIED, as moot.

DATED this 23rd day of August, 2019.

_____

UNITED STATES MAGISTRATE JUDGE

---

[3] Rule 4 of the Rules Governing Section 2254 Cases is applicable to petitions filed under 28 U.S.C. § 2241. See Rule 1(b) of the Rules Governing Section 2254 Cases.

9